But for one exception, I concur in the main opinion in its treatment of Fulmer's claim of lack of mental capacity. The exception is that, in my opinion, the better statement of the allocation of prerogatives between arbitrator and court would be simply that the arbitrator, not the court, decides a claim that the whole contract is voidable as distinguished from void.
The main opinion correctly observes that the court, not the arbitrator, would decide a claim that the whole contract isvoid as distinguished from voidable.
I also concur in the main opinion in its treatment of Fulmer's claim that the arbitration agreement is unconscionable. I also concur in the main opinion in its rejection *Page 638 
of the claim of the nonsignatory defendant SCI that it is entitled to the protection of the arbitration agreement. I also concur in the judgment.
However, I concur only in the result of the analysis of the applicability of the Federal Arbitration Act ("FAA") to this transaction. While the main opinion contains a number of apt and instructive quotations from United States Supreme Court cases declaring the extent of the authority granted to Congress by the Commerce Clause, the generalizations in the main opinion about these cases are even more expansive than the holdings of the cases themselves. The Alabama Supreme Court should not gratuitously surrender any of the remaining vestiges of the powers reserved to the State of Alabama by the Tenth Amendment to the United States Constitution.
I further respectfully disagree with the implication that the applicability of the regulations of the Occupational Safety and Health Administration ("OSHA") to SCI-Alabama supplies, in whole or in part, the nexus to interstate commerce necessary for the FAA to apply. The applicable test stated in Citizens Bank v.Alafabco, 539 U.S. 52, 56, 123 S.Ct. 2037, 2040, 156 L.Ed.2d 46
(2003), reads:
 "Congress's Commerce Clause power may be exercised in individual cases without showing any specific effect upon interstate commerce if in the aggregate the economic activity in question would represent a general practice subject to federal control."
(Internal quotation marks and ellipses omitted; emphasis added.) The employees' working conditions regulated by OSHA at SCI-Alabama are not "the economic activity in question" in this case. The sale of funeral and burial goods and services is "the economic activity in question." The nexus between interstate commerce and the transaction in the case before us recognized by the applicable Citizens Bank test is that "the economic activity in question" is subject to the control of the FederalTrade Commission, which does regulate the sale of funeral and burial goods and services, as the main opinion correctly observes.